UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:03CV1031 (SRU) |
| | : | |
| ONE PARCEL OF PROPERTY | : | |
| LOCATED AT 38 JEFFERSON AVENUE, | : | |
| NEW LONDON, CONNECTICUT, | : | |
| WITH ALL APPURTENANCES AND | : | |
| IMPROVEMENTS THEREON, AND | : | |
| | : | |
| Defendant. | : | March 19, 2004 |
| | : | |
| [CLAIMANTS: MARIA M. FERNANDES, | : | |
| AND ROBERT A. VENTURINI, JR.] | : | |

JOINT STATUS REPORT

Pursuant to the Court's Order dated March 2, 2004, the Plaintiff, United States of America, and the Claimant, Maria M. Fernandes, hereby submit this Joint Status Report.

A.   OVERVIEW OF THE CASE

1.   This is a civil action in rem brought to enforce the provision of 21 U.S.C. § 881(a)(7) for the forfeiture of real property which was used or intended to be used in any manner or part to commit or to facilitate the commission of a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., or to enforce the provision of 21 U.S.C. § 881(a)(6) for the forfeiture of real property which was purchased with proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

This action is related to United States of America v. 62 Cutler Street, New London, Connecticut, Civil No. 3:03CV1032 (SRU), and United States of America v. 171 Lincoln

<u>Avenue, New London, Connecticut</u>, Civil No. 3:03CV1033 (SRU), which are also pending before the Court.

By letter dated July 31, 2003, Bank of America informed the Plaintiff, United States of America, that the mortgage referenced in the Verified Complaint of Forfeiture in the original principal amount of $19,600 was paid in full on May 5, 2003, and that it no longer had any interest in the property at 38 Jefferson Avenue, New London, Connecticut.

2. The disputed issues in this case are whether the subject property was used to facilitate illegal drug trafficking activities, and whether the Claimant had knowledge of any illegal activity at the Defendant Property, and whether the Defendant Property was purchased with proceeds traceable to the exchange of illegal drugs. The Claimant, Maria Fernandes, denies that monies traceable to illegal drug activity were used for the purpose of this property.

3. The parties have not yet engaged in discovery due to the state criminal charges that were pending against the Claimant, Maria M. Fernandes. In light of these criminal charges, the United States refrained from engaging in discovery so as not to infringe on Claimant's Fifth Amendment right. The Plaintiff, United States of America, recently learned that the criminal charges against Claimant have been resolved.

Claimant's counsel advises that on or about December 18, 2003, the Superior Court for the Judicial District of New London dismissed the criminal charges against Maria Fernandes after she completed a period of accelerated rehabilitation under the state's diversionary program.

4. The Plaintiff, United States of America, does not believe that assistance from the Court is necessary at this time to facilitate a resolution of the case. The United States believes that now that Ms. Fernandes' state criminal charges have been resolved, the parties will be able

to, and plan to, engage in settlement discussions. If after the possibility of settlement has been explored and the parties are unable to reach a resolution, the parties may benefit from assistance from the Court. The parties will notify the Court in the event settlement discussions are unsuccessful.

Contrary to the United States' view that assistance from the Court is not necessary at this time, the Claimant believes that a court conference would facilitate a resolution of this case. The Claimant, Maria Fernandes, is requesting Court intervention at this time. Both the Claimant and her counsel are agreeable to meeting with representatives of the Government to more fully explain the Claimant's position. However, the Claimant would like this matter to move forward.

B.    SETTLEMENT

1. In preparation for this Joint Status Report, the parties have expressed a desire to discuss settlement and are in the process of arranging a meeting among the interested parties, including the Claimant, her attorney, counsel for the United States and the state and local law enforcement agents who participated in the underlying investigation to further explore the facts and circumstances of this case.

2. There have been no settlement conferences in this case.

3. While the Plaintiff, United States of America, does not believe that a settlement conference or assignment to a special master would be beneficial at this time, the United States is willing to participate in settlement conferences at a later date if the parties are unable to resolve the matter on their own. As indicated above, now that the Claimant's state criminal case has been resolved, the parties plan to engage in settlement discussions. Contrary to the

Government's view, the Claimant believes that a settlement conference or an assignment to a Special Master would be beneficial at this time.

C.	TRIAL PREPARATION

1.	As indicated above, the parties believe that settlement is possible and that a trial will not be likely in this case.

2.	If for some reason a settlement is not reached, the parties will need sufficient time to conduct mutual discovery, including written interrogatories, requests for production of documents, and depositions.  Once discovery is completed, the parties will need to assess whether dispositive motions are appropriate.

3.	The Plaintiff, United States of America, will file a Request to Enter Default against Robert A. Venturini, Jr. for failure to file a statement of interest or answer or otherwise defend as provided for in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

In preparing for this Joint Status Report, counsel for the United States of America learned that there is an outstanding mortgage from People's Bank in the amount of $60,000.  The United States will file a Motion to Amend Complaint and Amended Complaint to include People's Bank's interest, and will serve People's Bank with the Amended Complaint.

Counsel for the Claimant, Maria M. Fernandes, has reviewed this Joint Status Report and in the interest of timely filing the Report with the Court, consents to Plaintiff's counsel signing on his behalf.

          Respectfully submitted,

          PLAINTIFF
          UNITED STATES OF AMERICA

          KEVIN J. O'CONNOR
          UNITED STATES ATTORNEY

_____          _____
DATE          BY:  JULIE G. TURBERT
          ASSISTANT  U.S. ATTORNEY
          P.O. BOX 1824
          NEW HAVEN, CT  06508
          (203) 821-3700
          FEDERAL BAR # ct23398


          CLAIMANT
          MARIA M. FERNANDES

_____          _____
DATE          BY: JOHN J. NAZZARO, ESQ.
          164 HEMPSTEAD STREET
          NEW LONDON, CT  06320
          (860) 440-2755
          FEDERAL BAR # ct05579

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the within in and foregoing Joint Status Report has been mailed, postage prepaid, on this 19th day of March, 2004, to:

John J. Nazzaro, Esq.
164 Hemstead Street
New London, CT  06320

                                          JULIE G. TURBERT
                                          ASSISTANT U.S. ATTORNEY